IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KENDRICK JERMAINE FULTON, ) | |
| ID # 30080-177, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-3143-B (BH) |
| ) | |
| EDDY M. MEJIA, ) | Referred to U.S. Magistrate Judge |
|     Respondent. ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3–251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the habeas corpus petition should be **DENIED** with prejudice.

## I. BACKGROUND

Kendrick Jermaine Fulton (Petitioner), a prisoner currently incarcerated in the Federal Correctional Institution (FCI) in Beaumont, Texas, brought this action under 28 U.S.C. § 2241 to challenge a Bureau of Prisons (BOP) disciplinary charge and hearing.[1] (doc. 3 at 1; doc. 6 at 2.)[2] He seeks the reinstatement of his good conduct time. (Doc. 6 at 7.) Eddy M. Mejia, Warden of FCI Seagoville, is the respondent.

Petitioner was convicted by a jury of conspiracy to distribute and possession with intent to distribute five kilograms of a substance containing cocaine with intent to manufacture, distribute and possess with intent to distribute more than 50 grams of a substance containing a detectable amount of cocaine base, and aiding and abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, and he

---

[1] Petitioner was incarcerated in the Federal Correctional Institution (FCI) in Seagoville, Texas, when he filed his habeas petition and amended petition. (*See* docs. 3 at 1, 6 at 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

was sentenced to 400 months' imprisonment on October 31, 2003. *United States v. Fulton*, 5:02-CR-94-C(2), doc. 748 (N.D. Tex. Oct. 31, 2003).

A.     **Incident Report No. 2663031**

While serving his sentence at FCI Seagoville, Petitioner was charged by incident report no. 2663031 on December 19, 2014, with violating BOP disciplinary code section 217, Giving or Receiving Money Or Anything of Value. (Doc. 10-1 at 26, § 10.) The report alleged that Petitioner received $250 to his commissary account from the parents of another inmate to pay for a USB drive. (*Id.*, § 11.) The incident report was delivered to Petitioner that same day. (*Id.*, § 15.) It states that Petitioner was advised of his rights, and that he acknowledged that he understood them. (*Id.* at 27, §§ 23-24.) Petitioner had no comment regarding the charge. (*Id.*, § 24.)

The Unit Discipline Committee (UDC) held a hearing on December 23, 2014. (*Id,* at 26, § 21.) During that initial review, Petitioner stated that he did legal work for the inmate, he told the inmate that he did not owe him any money, he did not know that money was sent to his commissary account, and the inmate obtained Petitioner's name and prisoner number from his clothing. (*Id.*, § 17.) The UDC referred the charge to a Discipline Hearing Officer (DHO). (*Id.*, § 19.) Petitioner then signed for receipt of two documents, an Inmate Rights at Discipline Hearing and a Notice of Discipline Hearing before the DHO. (*Id.* at 85, 87.)

On December 27, 2014, Petitioner e-mailed the DHO and asked that the inmate whose family sent money to his account be called as a witness. (*Id*. at 91.) The DHO did not receive the e-mail. (*Id*. at 5, ¶¶ 5-6.) The DHO hearing was held on January 22, 2015. (Doc. 10-1 at 9, § I(B).) The DHO's practice at disciplinary hearings was to ask whether the charged inmate had witnesses to call and then to determine whether any witnesses' testimony was relevant. (*Id*. at 6, ¶ 13.) The DHO

did not believe that Petitioner asked at the hearing to have the inmate called as a witness. (*Id*.) The DHO reviewed a report that included the inmate's statement that he had his family send money to Petitioner to pay for a USB drive. (*Id*. at 6, ¶ 14, 10, § V.) At the hearing, Petitioner stated that he received money from the inmate for legal work he had done on the inmate's case. (*Id*. at 9, § III(B).) Petitioner forwarded documentary evidence to the DHO after the hearing, but that evidence had no impact on the outcome of the hearing. (*Id*. at 10, § 5.) The DHO found that Petitioner violated Code 328. (*Id*. at 10, § IV.) The DHO based this finding on the investigation, the inmate's statement, and Petitioner's statement that he was paid for legal work done for the inmate. (*Id*. at 11, § V.) As sanctions, the DHO disallowed 14 days of good conduct time, forfeited 14 days of non-vested good conduct time, imposed 30 days of administrative segregation, and took away e-mail, commissary, and telephone privileges for 90 days. (*Id*, § VI.) Petitioner appealed the UDC finding through the BOP administrative remedy process, and exhausted his administrative remedies.

Petitioner contends that (1) he was denied his due process right to present evidence and witnesses; and (2) there was insufficient evidence to support the finding that he violated disciplinary code 328. (Doc. 3 at 2.)

**B.      Incident Report No. 2671645**

While serving his sentence at FCI Bastrop, Petitioner was charged by incident report no. 2671645 on January 14, 2015 violating BOP disciplinary code section 296, Use of Mail for Abuse. (Doc. 10-1 at 113, §§ 9-10, 12.) The report alleged that Petitioner attempted to circumvent mail procedures by having a package of legal paperwork regarding another inmate sent as "legal mail" so that the package would not be discovered by authorities. (*Id*. at 113, § 11.) The incident report

3

was delivered to Petitioner that same day. (*Id.*, § 15.) It states that Petitioner was advised of his rights and that he acknowledged that he understood them. (*Id.* at 116, §§ 23-24.)

The UDC hearing was held on January 20, 2015. (*Id.* at 26, § 21.) During that initial review Petitioner stated that the legal paperwork he sought was evidence for his DHO hearing. (Id., § 17.) The UDC referred the charge to a Discipline Hearing Officer (DHO). (Id., § 19.) Petitioner then signed for receipt of two documents, an Inmate Rights at Discipline Hearing and a Notice of Discipline Hearing before the DHO. (Id. at 127, 129.)

The DHO downgraded the charge to a violation of code 396, Use of the Mail for Abuses Other than Criminal Activity Which Do Not Circumvent Mail Monitoring; or Use of the Mail to Commit or Further a Moderate Category Prohibited Act. (*Id.* at 6, ¶ 15; 18, ¶ 40.) The DHO remanded the matter back to the UDC for hearing and disposition. (*Id.*)

On February 19, 2015, the UDC held a hearing. (*Id.* at 115, § 21.) Petitioner stated that he did not abuse the mail because the information he sought was public information. (*Id.*, § 17.) The UDC found that Petitioner violated Code 305A, Attempting to Possess Anything Not Authorized for Retention or Receipt by the Inmate, and Not Issued To Him Through Regular Channels. (*Id.*, § 18A.) The UDC based this finding on the envelope with the notation "legal mail." (*Id.*, § 19.) The UDC sanctioned him with 30 days' loss of commissary and telephone privileges. (*Id.*, § 20.) Petitioner appealed the UDC finding through the BOP administrative remedy process, and exhausted his administrative remedies.

Petitioner contends that (1) he was denied his due process right to present evidence; and (2) there was insufficient evidence to support the finding that he violated disciplinary code 305A. (Doc. 3 at 3.)

4

## II. INCIDENT REPORT NO. 2663031

Petitioner contends that his right to due process was violated because he was not allowed to call an inmate as a witness, and the evidence was insufficient to support the finding that he committed the prohibited act.

In order to establish a violation of the due process of law in connection with a disciplinary hearing, a prisoner must establish that he has been denied a "'liberty interest' that the prison action implicated or infringed." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007). Liberty interests are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court identified the protections or procedures that a prison inmate may expect at a disciplinary hearing that results in a sanction affecting a liberty interest. Constitutional due process requires that the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985) (citing *Wolff*, 418 U.S. at 563–67).

**A.** <u>**Witness**</u>

Petitioner contends that he was not allowed to call as a witness the inmate whose family deposited money in his commissary account. Petitioner asserts that he wanted to show that he did not know that the inmate was sending him money and that the inmate obtained Petitioner's name and prisoner number from his clothing. (Doc. 3 at 4.)

5

Although Petitioner e-mailed the DHO with a request that the inmate be a witness, the DHO did not receive the e-mail. The record does not show that Petitioner asked for the witness at the hearing. After the hearing, Petitioner was allowed to submit documentary evidence, and he could have submitted a statement from the inmate. He has not shown that the inmate would have testified that Petitioner did not know that the inmate was having his family send Petitioner money. The DHO had the statement the inmate gave during the investigation. Petitioner admitted that he received money from the inmate for legal work he had done on the inmate's case. Petitioner has not shown that he was prejudiced by the absence of the inmate or that his testimony could have changed the outcome of the hearing. He has not shown a due process violation. *See Najjar v. Yusuff*, 81 F. App'x 815, 816 (5th Cir. 2003); *Joseph v. Chandler*, No. 4:14–CV–033, 2014 WL 503163, at *3 (N.D. Tex. Feb. 7, 2014).

B.   **Sufficiency of Evidence**

Petitioner contends that the evidence was insufficient to support the finding that he committed the prohibited act.

Due process does not require that the evidence in a prison disciplinary proceeding eliminate all other possible conclusions, but only that there is "some evidence" in support. *Hill*, 472 U.S. at 455-56; *see also Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. Unit A 1981) (inquiry is whether the decision of the prison authority supported by "some facts" or "any evidence at all.") "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill,* 572 U.S. at 455-56 (citations omitted). The reporting staff

member's incident report, standing alone, constitutes some evidence. *Hudson v. Johnson*, 242 F.3d 534, 536-537 (5th Cir. 2001). When reviewing a prison disciplinary decision, "the standard to be applied is whether the actions of the disciplinary committee were arbitrary and capricious or an abuse of discretion." *Smith*, 659 F.2d at 543; *see also Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

Petitioner asserts that there was no evidence that he knew that the inmate would have his family send him money. There was evidence that Petitioner did legal work for the inmate, and that the inmate's family sent money to Petitioner's commissary account as payment for the USB drive. Petitioner has failed to show that there was insufficient evidence to uphold the DHO's decision and imposition of sanctions.

## IV. INCIDENT REPORT NO. 2671645

Petitioner contends that he was deprived of the opportunity to present witnesses and evidence and that the evidence was insufficient to support the UDC's findings for incident report number 2571645.

"Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995).

Petitioner did not lose good conduct time as a disciplinary sanction. The imposition of commissary and telephone restrictions and placement in disciplinary confinement do not implicate

due process concerns because they are not an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.*; *See also Hinojosa v. Thaler*, 427 F. App'x 354, 355 (5th Cir. 2011); *Gutierrez v. Maye*, No. A–09–CA–225, 2009 WL 3584646 at *3 (W.D. Tex. October 26, 2009). The setting aside of the disciplinary sanctions would not entitle Petitioner to accelerated release, so he is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (a prisoner may not challenge conditions of confinement through a habeas petition if a favorable determination of the claim would not automatically entitle the prisoner to accelerated release).

## V.  RECOMMENDATION

The petition for habeas corpus relief under 28 U.S.C. § 2241 should be **DENIED** with prejudice.

**SIGNED this 14th day of August, 2017.**

 _____
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

  A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                  _____
                  IRMA CARRILLO RAMIREZ
                  UNITED STATES MAGISTRATE JUDGE